UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(EASTERN DIVISION)

| | |
|---|---|
| LEVINE HAT CO., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE FUNDING GROUP CORP.<br>Serve: Fahim Mansour<br>350 S. Crenshaw Blvd, Ste A203<br>Torrance CA 90503<br><br>Defendant. | Civil Action No.   4:16-cv-1391<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

COMES NOW Plaintiff Levine Hat Co., on behalf of itself and all others similarly situated, and for its Class Action Complaint, states as follows:

**PRELIMINARY STATEMENT**

1. This case challenges Defendant's practice of sending facsimile advertisements without the proper opt-out notice as required by 47 C.F.R. § 64.1200.

2. The Federal Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"), prohibits a person or entity from sending or having an agent send fax advertisements without the proper opt-out notice, even for faxes sent by consent or pursuant to an established business relationship. The TCPA provides a private right of action and provides statutory damages of $500 per violation for a violation of the statue or the regulations promulgated by the FCC.

1

3. Plaintiff, as well as each member of the proposed Class, were sent fax advertisements from Defendant with opt-out notices that failed to comply with the minimum requirements for opt-out notices.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

### JURISDICTION, VENUE AND PARTIES

6. This Court has personal jurisdiction over Defendant because Defendant transacts business within this state, has made contracts within this state, or has committed tortious acts within this state, and otherwise has sufficient minimum contacts with the State of Missouri.

7. Plaintiff Levine Hat Co. is a Missouri corporation with its principal place of business in Missouri.

8. Defendant Nationwide Funding Group Corp. is a California corporation with its principal places of business in California, and doing business in Missouri.

9. This Court has federal question jurisdiction pursuant to 28 U. S. C. §1331.

10. Venue is proper in this District under 28 U.S.C. § 1391 as Plaintiff received and Defendant sent faxes in the Eastern District of Missouri, and Plaintiff's facsimile machine is located in the Eastern District of Missouri.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. On or about July 25, 2016 Defendant sent an advertisement to Plaintiff in the County of St. Louis, Missouri by facsimile transmission. A true and correct copy of the facsimile is attached as Exhibit A, and incorporated herein by reference.

12. On or about August 16, 2016 Defendant sent an advertisement to Plaintiff in the County of St. Louis, Missouri by facsimile transmission. A true and correct copy of the facsimile is attached as Exhibit B, and incorporated herein by reference.

13. Defendant approved, authorized and participated in the scheme to broadcast faxes by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

14. Defendant created or made Exhibit A, as well as other advertisements, which Defendant distributed to Plaintiff and the other members of the Class via facsimile transmission (collectively "Subject Faxes").

15. Defendant sent multiple advertising facsimiles to Plaintiff and members of the proposed Class, all without an opt-out notice compliant with 47 C.F.R. § 64.1200, throughout the time period covered by the class definition.

16. Defendant faxed the same and similar facsimiles, all without an opt-out notice compliant with 47 C.F.R. § 64.1200, to the members of the proposed Class in Missouri and throughout the United States.

17. The Subject Faxes are a part of Defendant's work or operations to market Defendant's goods or services, to be performed by Defendant, and were sent on behalf of Defendant.

18. The Subject Faxes constitute material furnished in connection with Defendant's work or operations.

19. The Subject Faxes constitute material advertising of the commercial availability of property, goods, or services.

20. The transmissions of the Subject Faxes to Plaintiff and members of the proposed Class did not contain a notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii) that informs the recipient of the ability and means to avoid future fax advertisements.

21. The transmissions of the Subject Faxes to Plaintiff and members of the proposed Class did not contain a notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii)(A) that is clear and conspicuous.

22. The transmissions of the Subject Faxes to Plaintiff and members of the proposed Class did not did not contain a notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii)(B) that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and stating that the sender's failure to comply within 30 days would be unlawful.

23. The transmissions of the Subject Faxes to Plaintiff and members of the proposed Class did not did not contain a notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii)(C) that sets forth the requirements listed under paragraph 47 C.F.R. § 64.1200(a)(3)(v).

24. The transmissions of the Subject Faxes to Plaintiff and members of the proposed Class did not did not contain a notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii)(D)(1) that includes a domestic contact telephone and facsimile machine number for the recipient to transmit an opt-out request to the sender

25. The transmissions of the Subject Faxes to Plaintiff and members of the proposed Class did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C), 47 U.S.C. §§227(b)(2)(D)(ii), (iii) and (vi), and 47 C.F.R. § 64.1200(a)(4).

26. The transmissions of the Subject Faxes to Plaintiff and members of the proposed Class were required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C), 47 U.S.C. §§227(b)(2)(D)(ii), (iii) and (vi), and 47 C.F.R. § 64.1200(a)(4).

27. There is no reasonable means for Plaintiff (or any other Class member) to avoid receiving unlawful faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

28. Defendant knew or should have known that the Subject Faxes were advertisements and the Subject Faxes did not display an opt-out notice compliant with 47 C.F.R. § 64.1200.

29. The transmissions of Subject Faxes to Plaintiff and members of the proposed Class caused destruction of the property of Plaintiff and each member of the proposed Class.

30. The transmissions of Subject Faxes to Plaintiff and members of the proposed Class interfered with the exclusive use of the property of Plaintiff and each member of the proposed Class.

31. The transmissions of Subject Faxes to Plaintiff interfered with the business and personal communications of Plaintiff and the proposed Class.

## CLASS ALLEGATIONS

32. Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following Class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) which did not display an opt-out notice compliant with 47 C.F.R. § 64.1200.

33. On information and belief, the Class includes more than forty persons and is so numerous that joinder of all members is impracticable.

5

34. There are numerous questions of law or fact are common to the members of the Class, which predominate over any questions affecting only individual members, and the answers to which would drive class-wide resolution of this case, including:

   a. Whether Defendant engaged in a pattern of sending fax advertisements;

   b. Whether the Subject Faxes contains material advertising the commercial availability of any property, goods or services;

   c. Whether the Subject Faxes advertised the commercial availability of property, goods, or services;

   d. The manner and method Defendant used to compile or obtain the list of fax numbers to which they sent the Subject Faxes and other faxed advertisements;

   e. Whether Defendant violated the provisions of 47 USC § 227;

   f. Whether Plaintiff and the other Class members are entitled to statutory damages;

   g. Whether Defendant should be enjoined from faxing advertisements in the future;

   h. Whether the Court should award trebled damages;

   i. Whether the Subject Faxes displayed the proper opt-out notice required by 47 C.F.R. § 64.1200; and

   j. Whether the Subject Faxes failed to include an opt-out notice compliant with 47 C.F.R. § 64.1200.

35. Plaintiff will protect fully and adequately the interests of all members of the Class. Plaintiff has retained counsel who are experienced in consumer and class action litigation. Plaintiff has no interest which is adverse to, or in conflict with, other members of the Class

36. Plaintiff's interests are the same as those of everyone else in the Class, since Plaintiff was sent faxes with opt-out notice not in compliance with 47 C.F.R. § 64.1200. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent Class members.

37. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

38. The questions of law and fact common to the members of the Class predominate over any questions which may affect only individual members.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class is readily definable, and prosecution as a class action will eliminate the possibility of duplicative litigation, while also providing redress for claims which otherwise would be too small to support the expense of individual litigation.

40. Defendant has acted, as alleged herein, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

41. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42. The TCPA, 47 U.S.C.§ 227, provides, in pertinent part:

(b)(3) Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
   (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
   (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
   (C) Both such actions.

43. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

44. The TCPA is a strict liability statute and the Defendant are liable to Plaintiff and the other Class members even if their actions were only negligent.

45. Defendant violated 47 U.S.C. § 227 *et seq.* by transmitting the Subject Faxes to Plaintiff and the other members of the Class by not displaying an opt-out notice compliant with 47 C.F.R. § 64.1200.

46. Defendant's actions caused damages to Plaintiff and the other Class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's unlawful faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other Class members' privacy interests in being left alone.

47. Defendant knew or should have known that: (A) the Subject Faxes were advertisements, and (B) the Subject Faxes did not display an opt-out notice compliant with 47 C.F.R. § 64.1200.

48. If the court finds that Defendant knowingly violated the TCPA or its associated regulations, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount otherwise available. 47 U.S.C. § 227(b)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Levine Hat Co., on behalf itself and all others similarly situated, demands judgment in its favor and against Defendant, jointly and severally as follows:

A.   That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B.   That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

C.   That the Court enter an injunction prohibiting the Defendant from engaging in further statutory violations at issue in this action;

D.   That the Court award pre- and post-judgment interest at the statutory rate; and

E.   That the Court award costs, attorneys' fees and such further relief as the Court may deem just and proper.

**DEMAND FOR JURY**

Plaintiff Levine Hat Co. respectfully demands a jury trial on all issues so triable.

DATED: August 29, 2016                     Respectfully submitted,

KEANE LAW LLC

 /s/ Alex Braitberg
Ryan A. Keane, #62112MO
Alexander L. Braitberg, #67045MO
9666 Olive Blvd.,#690
St. Louis, MO 63132
Phone: (314) 240-5278
Fax: (314) 244-3778
ryan@keanelawllc.com
alex@keanelawllc.com